IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAPAT NABAYA, § | |
|    #90804-083, § | |
|        PETITIONER, § | |
| § | |
| V. § | CIVIL CASE NO. 3:19-CV-2853-N-BK |
| § | |
| WARDEN ZOOK, § | |
|        RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Shapat Nabaya's *pro se* petition for writ of habeas corpus was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** on the basis of the sanction previously imposed by the United States District Court for the Eastern District of Virginia.

**I.    BACKGROUND**

Nabaya, a federal prisoner at FCI Seagoville, was convicted of retaliating against a federal officer by making false claim, 18 U.S.C. § 1521 (2012), and making a false statement in bankruptcy, 18 U.S.C. § 152(3) (2012). He was sentenced to 71 months' imprisonment on the Section 1521 offense and 60 months on the Section 152 offense, to be served concurrently. *United States v. Nabaya*, No. 3:17-CR-003 (E.D. Va. 2017), *aff'd*, 765 F. App'x 895, 897 (4th

Cir. 2019). Since then, Nabaya has filed over thirty cases nationwide.[1] As the United States District Court for the District of Columbia recently observed, Nabaya

> is a serial filer with a history of bringing meritless cases ... against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v. Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009)…. While there are, unfortunately, some people like Nabaya who abuse our country's legal system in this way, he has earned the unusual distinction of being convicted for it[, as] … Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal crusade" against an IRS Revenue Officer known as Wally Stark, in the course of which he filed multiple vexatious and harassing lawsuits against Stark in state and federal court.

*Nabaya v. Aber*, No. 17-440, 2018 WL 1583311, at *1 (D.D.C. Mar. 31, 2018) (citation omitted).

As a result of his long history of frivolous and abusive litigation, Nabaya, formally known as Norman Abbott, and his wife, Dinah Abbott, have been sanctioned $1,000 and barred from filing any actions in the Eastern District of Virginia without first obtaining leave to file. *Abbott v. Suntrust Mortgage, Inc.*, No. 3:08-CV-665, 2009 WL 971267, at *6 (E.D. Va. Apr. 8, 2009), *appeal dismissed*, 332 Fed. Appx. 847 (4th Cir. 2009). That court also extended the sanction to bar Nabaya from filing civil rights complaints under 42 U.S.C. § 1983 and habeas corpus petition under 28 U.S.C. § 2241. *Abbott*, No. 3:08-CV-665, *Mem. Ord.* at ECF Doc. 64, filed May 23, 2012; *Nabaya v. Dinkin*, No. 3:19-CV-171 (E.D. Va. May 13, 2019). Later, the court permanently enjoined Nabaya from filing tax lawsuits in any federal court without first seeking leave to do so. *United States v. Nabaya*, No. 3:14-CV-835, 2015 WL 300499, at *1, *3 (E.D. Va. Jan. 22, 2015).

---

[1] *See* Public Access to Court Electronic Records (PACER) is available at https://pcl.uscourts.gov/pcl/pages/welcome.jsf (last accessed December 4, 2019).

**II.    ANALYSIS**

Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989).

This Court "routinely honors sanctions imposed by other federal district courts in Texas against prisoner and non-prisoner vexatious litigants alike."  *Drake v. Nordstrom Dep't Stores*, 3:18-CV-471-D-BN, 2018 WL 1399179, *2 (N.D. Tex. Mar. 1, 2018), *R. & R. accepted*, 2018 WL 1404320 (N.D. Tex. Mar. 19, 2018) (collecting cases and enforcing sanction order from the Eastern District of Texas against nonprisoner litigant); *see also* Misc. Ord. 48 (N.D. Tex.) (honoring sanctions imposed by other federal district courts in Texas against a prisoner litigant); *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-CV-327-N-AH, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008) ("In cases involving litigious, non-prisoner pro se plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes.").

This is Nabaya's fifth habeas corpus action filed in this Court in less than six months.  Three of the four prior petitions were dismissed following preliminary screening.  *See Nabaya v.*

*Bureau of Prisons*, No. 3:19-CV-2849-L-BN, 2019 WL 6337307 (N.D. Tex. Nov. 27, 2019), *R. & R. accepted*, 2019 WL 6352778 (dismissing Section 2241 petition challenging conviction for want of jurisdiction under savings clause of Section 2255); *Nabaya v. Underwood,* No. 3:19-CV-1216-L-BT, 2019 WL 4418665 (N.D. Tex. July 1, 2019), *R. & R. accepted*, 2019 WL 3162164 (N.D. Tex. July 16, 2019) (denying Section 2241 petition for same reason); *Nabaya v. Underwood*, No. 3:18-CV-1460-N-BT (N.D. Tex. Sep. 28, 2018) (same).[2]

Although Nabaya titled the petition in this case "Sec 2241 Claim to Challenge the Execution of Sentence," he does not plead any grounds for relief, Doc. 3, and states only that he "challenges the execution of his sentence rather than the validity of his conviction and sentence." Doc. 3 at 1.  As such, it is patently frivolous.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous when it "lacks an arguable basis either in law or in fact").  Moreover, the petition is not filed on the court-approved form and Nabaya did not pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

Because Nabaya persists in filing frivolous actions, the Court should honor the sanction previously imposed against him by the United States District Court for the Eastern District of Virginia and dismiss this case.

### III.     CONCLUSION

For the foregoing reasons, the habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** on the basis of the sanction imposed by the United States District Court for the Eastern District of Virginia in Cause No. 3:08-CV-665.  Further, Nabaya should be:

---

[2] The fourth petition remains pending awaiting screening.  *Nabaya v. Underwood,* No. 3:19-CV-2663-N-BT (N.D. Tex. filed Nov. 6, 2019).

(1) **BARRED** from filing future habeas corpus action under 28 U.S.C. § 2241 unless the Court grants him permission to do so; and (2) **WARNED** that any Section 2241 habeas action submitted without a motion for leave to make the filing, the proposed filing, and the $5.00 fee or a motion to proceed *in forma pauperis* will not be reviewed.

    **SO RECOMMENDED** on December 6, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).